*604 Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 8, 2008, after a jury trial, awarding plaintiff $5,000 for past medical expenses including chiropractic services, $50,000 for past pain and suffering, $120,000 for future chiropractic services, and nothing for future pain and suffering, which brings up for review order, same court (Deborah A. Kaplan, J.), entered on or about December 7, 2007, to the extent it denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
A verdict for the plaintiff should only be set aside, based on the weight of the evidence, where “the evidence so preponderates in favor of the defendant that it could not have been reached on any fair interpretation of the evidence” (O’Boyle v Avis Rent-A-Car Sys., 78 AD2d 431, 439 [1981]). Here, plaintiff showed through objective measures that she suffered 20%-to-40% loss of movement in the cervical spine, which was sufficient to support her claim of serious injury (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]). The jury award of damages for past pain and suffering and past and future medical costs does not deviate materially from what would be reasonable compensation. Defendants’ motion for summary judgment, which considered much of the same proof as adduced at trial, was properly denied.
The jury’s failure to award future pain and suffering is supported by the evidence showing that plaintiff had not altered her lifestyle, still worked the same job, cared for her child and participated in her daily activities. Moreover, given plaintiffs own testimony that chiropractic treatments have given her relief, albeit temporary, the jury could have concluded that funding regular chiropractic treatments would alleviate plaintiffs future pain. Concur—Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.